# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JARVIS HARRIS, <br> #312667, <br>                   Petitioner, <br><br> v. <br><br> ANTHONY PADULA, WARDEN <br> OF LEE CORRECTIONAL <br> INSTITUTION, <br><br>                   Respondent. | ) <br> ) <br> )   CIVIL ACTION NO. 9:11-236-HFF-BM <br> ) <br> ) <br> )   **REPORT AND RECOMMENDATION** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on January 27, 2011.[1]

The Respondent filed a return and motion for summary judgment on May 11, 2011. As the Petitioner is proceeding pro se, a Roseboro order was filed on May 13, 2011, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. After receiving an extension of time, Petitioner filed a response in opposition on June 22, 2011.

---

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).



1

This matter is now before the Court for disposition.[2]

**Procedural History**

Petitioner was indicted in February 2004 in Richland County for murder [Indictment No. 04-GS-40-7938]. (R.pp. 31-32). Petitioner was represented by April W. Sampson, Esquire, and Jeanette Van Ginhoven, Esquire. On November 28, 2005, Petitioner pled guilty to voluntary manslaughter, and was sentenced to twenty-three (23) years imprisonment. (R.pp. 1-30). Petitioner did not file a direct appeal.

Petitioner then filed an Application for Post Conviction Relief ("APCR") in state circuit court on July 20, 2006. Harris v. State of South Carolina, No. 2006-CP-40-4143. (R.pp. 33-39). Petitioner raised the following issues in his APCR:

1. Ineffective assistance of counsel.

2. Involuntary guilty plea/invalid guilty plea.

(R.p. 35).

Petitioner was represented in his APCR by Tara Dawn Shurling, Esquire, and an evidentiary hearing was held on September 13, 2007. (R.pp. 46-109). The PCR judge thereafter filed an order on November 8, 2007, denying and dismissing all of Petitioner's claims. (R.pp. 110-115). On November 26, 2007, Petitioner filed a Rule 59(e) Motion to Alter or Amend the Order of Dismissal, which the PCR judge denied on December 19, 2007 [Order filed December 27, 2007]. (R.pp. 116-123, 133).

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



The Petitioner filed a timely appeal. Petitioner was represented by Katherine H. Hudgins of the Office of Appellate Defense, who raised the following issue:

> Did the PCR judge err in refusing to find counsel ineffective for failing to move for a new trial based on after discovered evidence that the State committed a Brady violation in failing to disclose their inability to subpoena Shay, petitioner's sister and a key witness for the State?

See Petition, p. 2.

The case was transferred to the South Carolina Court of Appeals, which in a letter order dated March 4, 2010, denied the petition for writ of certiorari. Harris v. State, (S.C.Ct.App. filed March 4, 2010). The Remittitur was issued on March 22, 2010.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following grounds:

> **Ground One:** Brady violation.
> **Supporting facts**: State did not inform trial counsel they could not subpoena one of their witnesses.
>
> **Ground Two:** Violation of 6th amendment ineffective assistance of counsel.
> **Supporting facts:** Lawyer failed to obtain all available discovery material/failing to move for a new trial.

See Petition, pp. 5-6.

### Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a



3

potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).  Here, after careful review and consideration of the arguments and evidence presented, the undersigned finds and concludes that the Respondent is entitled to dismissal of this Petition.

Respondent contends in his motion, inter alia, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies.  This limitations period is part of the AEDPA,[3] and runs from the latest of -

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

---

[3]Antiterrorism and Effective Death Penalty Act of 1996.



4

limitation under this subsection. 28 U.S.C. § 2244(d)(1) and (2). This Petition falls under § 2244(d)(1)(A).

Petitioner's state court conviction became final on December 9, 2005, ten (10) days after his conviction and sentencing. See Rule 203(b)(2), SCACR.[4] By the time Petitioner filed his APCR on June 20, 2006, one hundred and ninety-two (192) days of non tolled time had passed from when his conviction became final. The period of limitations was thereafter tolled during the pendency of Petitioner's APCR, until the issuance of the Remittitur on March 22, 2010. See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris, 209 F.3d 325 [running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, No. 98-56769, 2000 WL 538131 at **1 (9th Cir. 2000); Drafts v. Maynard, No. 02-120, 2002 WL 32710121 (D.S.C. Aug. 6, 2001), appeal dismissed, 2002 WL 31430540 (4th Cir. Oct. 31, 2002). At that point, Petitioner had until September 11, 2010[5] (365 days - 192 days = 173 days) to timely file a federal habeas petition. However, Petitioner did not file this Petition until January 27, 2011, well outside of the one (1) year

---

[4] Because Petitioner did not file a direct appeal, the ninety (90) day period for seeking certiorari from the United States Supreme Court is not included. Pfeil v. Everett, 9 Fed.Appx. 973, 977 (10th Cir. 2001) ["Because [Petitioner] did not file a direct appeal to the [state] Supreme court, the ninety-day time period for appeals to the United States Supreme Court did not extend the date that his judgment and sentence became final."]. See e.g., Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000) [where Petitioner appeals to the state Supreme Court, direct review concludes at expiration of time for seeking certiorari from United States Supreme Court]; 28 U.S.C. § 1257 [United States Supreme Court can only review on certiorari the final judgments of "highest court of a state"]; U.S.Sup.Ct.R. 10(b) [certiorari considered where "state court of last resort" has decided important federal question]; U.S.Sup.Ct.R. 13 [time period for petition for writ of certiorari is 90 days from decision or judgment of state court of last resort].

[5] Respondent incorrectly states in his brief that Petitioner's deadline was August 11, 2011.

5



federal statute of limitations.  Hence, Petitioner failed to timely file this federal petition, and he is therefore barred from seeking federal habeas relief.  Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]; Pearson v. North Carolina, 130 F.Supp.2d 742 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999).

Finally, it is arguable that Petitioner is asserting some type of equitable tolling based on his misunderstanding about a direct appeal not being filed in his case.  See Petitioner's Memorandum in Opposition, p. 4.  The United States Supreme Court has recently held that the federal one year statute of limitations can be subject to equitable tolling in appropriate cases.  Holland v. Florida, 130 S.Ct. 2549, 2552-2554, 2560-2562 (2010); see also Rouse v. Lee, 314 F.3d 698, 704 (4th Cir. 2003)(citing Harris, 209 F.3d at 330).  Circumstances will rarely warrant equitable tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable tolling.  Harris, 209 F.3d at 330; see also  Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y. 2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).  Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition.  Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); Marengo, 342 F.Supp.2d at 230.  "[T]he party seeking equitable tolling must [also] have acted with reasonable diligence throughout the period he seeks to toll."  Marengo, 342 F.Supp.2d at 230 (quoting Warren, 219 F.3d at 113); see also Holland, 130 S.Ct. at 2562 ["'Petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary



circumstance stood in his way" and prevented timely filing."](quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Petitioner has not shown that any extraordinary circumstances prevented him from timely filing his petition, as Petitioner is not entitled to equitable relief based on counsel's alleged failure to file a direct appeal. After Petitioner's PCR was denied and the Remittitur was sent down, Petitioner still had 173 days (over five (5) months) to file his federal habeas petition, but failed to do so. Cf. Harris, 209 F.3d at 330-331 (citing Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991)([refusing to apply equitable tolling where the delay in filing was the result of Plaintiff's unfamiliarity with the legal process or his lack of representation]). Therefore, Petitioner has not met his burden of showing that "extraordinary circumstances" prevented him from timely filing his federal Petition, or that he could not have filed a timely petition. Harris, 209 F.3d at 330 [Petitioner has burden of showing entitlement to equitable tolling]; see also Smith v. McGinnis, 208 F.3d 13, 17-18 (2nd Cir. 2000)[AEDPA's statute of limitations may be equitably tolled only in rare and exceptional circumstances and only "if party seeking equitable tolling [has] acted with reasonable diligence throughout the period he seeks to toll."].

Accordingly, Petitioner is not entitled to any equitable relief, and he is therefore barred from seeking federal habeas relief. See Pearson, 130 F.Supp.2d at 744-745; Calderon, 127 F.3d at 785-787.

**Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 8, 2011

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).